**Application of Jaap E. NABER and Fritz M. Dautzenberg.**

**Patent Appeal No. 9192.**

United States Court of Customs and Patent Appeals.

Sept. 26, 1974.

Leonard P. Miller and Theodore E. Bieber, Shell Development Co., Patents and Licensing Division, Houston, Tex., for appellant.

Joseph F. Nakamura, Sol., Robert D. Edmonds, Asst. Sol., U. S. Patent Office, Washington, D. C., for Commissioner of Patents.

PER CURIAM.

The Commissioner of Patents has petitioned for a rehearing or modification of our decision of April 25, 1974, 494 F. 2d 1405.

The petition is based in part [1] on the allegation that the court "has demonstrably applied, sua sponte, the 'rule of doubt,' i.e., of 'resolving doubt in favor of applicants for patents' * * *." As a careful reading of the opinion demonstrates, no such "rule of doubt" was applied in this case nor, as the solicitor recognizes, has any question of doubt or suggestion of applying such a "rule" been raised in this case.

Furthermore, this court has not applied the "rule of doubt" since its decision in In re Hofstetter, 362 F.2d 293, 53 CCPA 1545, (1966), cert. granted sub nom. Brenner v. Hofstetter, 386 U.S. 990, 87 S.Ct. 1304, 18 L.Ed.2d 333 (1967), vacated 389 U.S. 5, 88 S.Ct. 29, 19 L.Ed.2d 5 (1967), appeal dismissed, 55 CCPA 1493 (1967).

The "rule of doubt," as the solicitor uses the term, is of ancient origin and did not originate in this court, which was not created until 1929. The rule appears, indeed, to go back as far as 1827 and was long applied by the predecessors of this court and by the Patent Office. See, for example, McCrady, Patent Office Practice (2d Ed., 1946), § 130, pp. 131–132. The demise of the rule began in the Court of Appeals for the District of Columbia Circuit, and it was not formally abandoned in the Patent Office until the Commissionership of Mr. Brenner. In the earliest days of

1. A second allegation concerning the court's finding, on the basis of evidence in appellant's specification, of an invalid motive for combining the teachings of the two cited references, we find without merit.

this court, the rule was taken for granted and was too well known to require citation of authority. In re Burrows, 40 F.2d 1011, 17 CCPA 1254 (1930). A few years later this court said in In re Amand, 63 F.2d 117, 20 CCPA 887 (1933):

> Upon the whole record, we are of opinion that this presents one of those cases in which there is a doubt which should be resolved in appellant's favor. The rule is a familiar one and requires no elaborate citation of authorities, of which appellant has listed a large number. The familiar case of Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523, seems in point, as does the case of Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S.Ct. 194, 72 L.Ed. 303.

The old and universally applied "rule of doubt" had a clear meaning that appears to have escaped the solicitor, so far as the present case is concerned. It was that if the court, *after* consideration of *everything* made available to it by the record, was left in doubt about patentability (on any ground), such ultimate doubt should be "resolved" in favor of the applicant for patent. To state it another way, the applicant was "given the benefit" of the doubt.

No such situation exists in this case. After consideration of all the evidence, we were without doubt on the issue of obviousness. The fact that half way through our opinion, and the discussion of *part* of the evidence, we observed that doubt had been cast on the Patent Office position, does not mean that we resolved that doubt, without more, in favor of the applicant. Our opinion went on to consider further evidence on the obviousness issue, *which evidence* eliminated the doubt. A doubt resolved by examination of facts is not such a doubt as is left in the mind of the court to be resolved by any arbitrary rule.

The petition is denied.

